```
Jon P. Jacobs (SBN 205245)
Rene J. Dupart (SBN 289956)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd, Ste. 202
Rocklin, CA  95765
Telephone:  (916) 663-6400
Facsimile: (916) 663-6500


Attorneys for Plaintiff
DUSTIN COOPER
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN COOPER, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | (1) VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT BREACH OF EXPRESS WARRANTY |
| GENERAL MOTORS LLC, a Delaware Limited Liability Company; and DOES 1 to 20, Inclusive, | (2) VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT BREACH OF IMPLIED WARRANTY |
| Defendants. | (3) VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 |
| | (4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT, CIVIL CODE § 1750 ET SEQ., |
| | (5) VIOLATION MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301 |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff hereby alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff DUSTIN COOPER (hereinafter "Plaintiff" or "COOPER") is, and at all times mentioned herein, a citizen of the State of California, residing in the County of Placer.

//

2. Plaintiff is informed and believes, and thereupon alleges, that the incidents and events that gave rise to the above entitled complaint were committed in the County of Placer, in the State of California.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant GENERAL MOTORS LLC (hereinafter "GM" and or "Defendant) is a Delaware corporate entity registered as a foreign corporation in the State of California.

4. Plaintiff brings this action under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, California Song-Beverly Consumer Warranty Act, for breach of express and implied warranties, California Business & Professions Code § 17200 and California Consumer Remedies Act Civil Code § 1750.

5. The Court has jurisdiction over this action under 28 U.S.C. § 1332, in that the Defendant and Plaintiff are citizens of the State of California, and GM is a citizen of the of the State of Delaware, with its principal place of business, located in the city of Detroit, State of Michigan and that the amount in controversy exceeds the sum or value of $75,000.

6. Venue is appropriate in the United States District Court for the Eastern District of California, Sacramento Division, under 28 U.S.C. § 1391(b), because the incidents and events that gave rise to the above entitled action were committed in the County of Placer.

## PARTIES

7. Plaintiff is now and at all times relevant, a resident of the State of California, and all the acts and omission herein set forth occurred in the County of Placer, in the State of California. Plaintiff is a "buyer" as defined by *California Civil Code § 2981(c)* and *§ 1791(b)*.

8. Plaintiff believes that Defendant GM is a manufacturer, as defined by *Civil Code §§ 1791(j)* and *(l)*, and is, and at all relevant times has been, a business entity incorporated, organized and existing under the laws of the State of Delaware, with their corporate offices located at 300 Renaissance Center, Detroit, MI 48265.

9. Defendant GM is a "person" as defined by *California Civil Code § 1761(c)*.
10. GM is a "service contract seller" and/or "service contractor" and/or "service contract administrator" as defined respectively in *California Civil Code § 1791(q), (r) and (p)*.
11. GM is licensed to do business in California and transacts business in Placer County, California, and at all relevant times sold, promoted, and distributed vehicles, an example of which is the subject of this Action, throughout the United States, including Placer County, California. GM has significant contacts with Placer County, California, and the activities complained of herein occurred, in whole or in part, in Placer County, California. GM's agent for service of process is CSC-Lawyers Incorporating Services, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.
12. Plaintiff is informed and believes, and thereupon alleges, that each fictitiously named Defendant, herein DOES 1 through 20, are responsible for the events hereinafter alleged. Plaintiff further alleges that Unknown Defendants were responsible in part for the damages and at this time are unknown to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to allege the true names and capacities of said fictitious named Defendants when ascertained.
13. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, the Unknown Defendants are individuals and/or business entities whose forms are unknown. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, the Unknown Defendants were agents, principals, employees, employers, and co-conspirators of each and every other names or unnamed Defendants in this Complaint.
14. Defendants sued herein as Does 1 through 20 are contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint, and that each of said fictitiously named Defendants is indebted to Plaintiff as hereinafter alleged.
15. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the

corporation or business entity acted or failed to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity. As a result of their manufacturing and sales activities, Defendants, and each of them, are and were subject to and must comply with the Civil Code, Business and Professions Code § 17200, the Unfair and Deceptive Business Practices Act, and other relevant statutes and case law.

## STATEMENT OF THE FACTS

16. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs 1 through 15 as though fully set forth herein.
17. On or around October 16, 2015, Plaintiff purchased a slightly used 2015 Chevrolet Corvette CPE (hereinafter "Vehicle"), VIN 1G1YT2D66F5607903, from Champion Chevrolet (hereinafter "Dealership") located at 800 Kietzke Lane, Reno, NV 89502.
18. The Vehicle was sold with the balance of GM's 3 year/36,000 miles bumper to bumper warranty and 5 year/100,000 miles powertrain warranty, to be free from defects in materials and workmanship. Defendant GM, by way of their warranties, promised Plaintiff to make or provide repairs that were free of charges during the warranty period.
19. The Vehicle is a "consumer good" and "consumer product" as defined respectively in Civil Code §§ 1791(a), and 15 U.S.C.A. 2301(1).
20. Plaintiff's purchase of the vehicle is a "transaction" as defined in Civil Code § 1761(e), and a "sale" as defined in Civil Code § 1791(n), all pursuant to a "conditional sale contract" as defined in Civil Code § 2981(a)(1).
21. From the time of the purchase of the Vehicle to the present, the Vehicle has suffered extensive and ongoing problems, including but not limited to the following as articulated and written by the servicing GM dealership, Huntington Beach GM (hereinafter "Dealership"):

//

| Problems | Date | Odo. | Days | RO # |
|---|---|---|---|---|
| **Interior Lining** – Customer states there is lining on the inside of the roof is peeling. Needs new liner. Replace felt liner, ordered part. Will call customer when part arrives. | 9/26/17 | 8,526 | 1 | W89430 |
| **Coolant Leak** – Customer states there is a coolant leak. Could not verify coolant leak concern at this time. Engine was replaced due to spin bearing metal contamination.<br><br>**Engine** – VERIFIED – Customer states add oil display came on. Verified concern found that when vehicle starts engine is knocking camshaft makes a chirping noise there is a metal scattered through the oil tank engine and all oil lines called tac and they said that if there is metal in it the engine and everything that is contaminated needs to be replaced. Case number 8-3408184050 found that vehicle was low on oil with no external oil leaks removed engine and replaced with new engine. Tech 173 removed passenger fender so tech 205 could replace oil tank replaced engine, supercharger, oil cooler, oil hoses due to metal contamination and also replaced battery. Old battery was dead and would not hold a charge. Performed alignment. Adjusted camber, caster and toe to factory specs. Road tested and verified vehicle drives and steers straight. | 10/02/17 | 8,789 | 43 | 282276 |
| **Engine** – *2nd Attempt* – VERIFIED – Customer sates vehicle died and will not stay running. Inspected and found | 11/24/17 | 8,888 | 1 | 284460 |

| | | | | |
|---|---|---|---|---|
| debris in ground connections. Removed debris. Re-installed ground. OK at this time. | | | | |
| **Engine** – *3rd Attempt* – VERIFIED – Customer states check engine light is on. OLH knock sensor. | 12/12/17 | 9011 | 14 | 284562 |

22. Plaintiff has suffered through an ongoing and reoccurring problem with the engine in his Chevrolet Corvette. The Plaintiff found that the Vehicle had serious engine issues for a Vehicle with so few miles.

23. Defendant GM has had multiple repair attempts on the Vehicle, which only had around 9000 miles on it. GM, through its Dealer, has refused and or failed to remedy, fix or remediate the engine issue.

24. The issues plaguing the Vehicle are not the fault of the Plaintiff. Plaintiff has meticulously maintained the Vehicle. The uncorrected issues are the fault of Defendant GM.

25. The servicing Dealerships are Defendant GM's agents in the capacity, as they perform warranty repairs on behalf of and for GM. It is clear that GM is unable to fix, remedy and or repair the Vehicle to conform to the warranty. The Defendant's multiple repair attempts have proven willfully unsuccessful in resolving the issues.

26. Plaintiff paid top dollar for the Vehicle and is reasonably entitled to expect great professional service and a reliably strong vehicle. It is obvious that the chronic problems and defects are not acceptable in this class of vehicle.

27. GM's multiple failures to remedy, repair and or fix the issues with the Vehicle have left the Plaintiff with no reasonable alternative but to bring this legal action.

## FIRST CAUSE OF ACTION

### Breach of Express Warranty-Song-Beverly Consumer Warranty Act

### Against GM

28. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs 1 through 27 as though fully set forth herein.

29. In connection with the sale of the defective Vehicle, Defendant GM provided the warranty as articulated in paragraph 18 herein the complaint. Under the terms of the warranty, GM undertook to preserve and maintain the utility and performance of the Vehicle, and to provide compensation to the original and subsequent private purchasers of the Vehicle, if there is a failure of utility and or performance within said warranty period.

30. The warranty is an express warranty and a written warranty within the meaning defined, respectively, in Civil Code §1791.2 and 15 U.S.C. § 2301 (6).

31. The above-described defects, malfunctions, and nonconformities, more fully explained above in Paragraph 21, substantially impair the use, value, and safety of the vehicle.

32. Defendant GM violated Civil Code § 1793.2, subdivision (d)(2), when it breached the express warranty provided by refusing within a reasonable number of attempts to service or repair the vehicle, so as to conform it to the express warranty, and again violated this same subsection when it subsequently failed to offer Plaintiff a repurchase or replacement of Vehicle, including restitution of all money paid out toward the Vehicle, and interest on the same.

33. Under Civil Code § 1793.2(d)(2), GM must, upon election by Plaintiff, reimburse the Vehicle's price to Plaintiff or replace the Vehicle with a like Vehicle. Plaintiff hereby again revokes his acceptance of the Vehicle, rescinds the contract, and demands a complete refund as explained above.

34. GM violated Civil Code §§ 1793.3 and 1793.4 by failing to commence service and repair within reasonable time, and failing to tender conforming goods within 30 days.

35. Under Civil Code §§ 3287 and/or 3289 (a), Plaintiff is entitled to interest at the contracted for rate on all money paid toward the Vehicle from the date of contract and hereby asserts his claim for the same.

36. Plaintiff notified Defendant GM of the problems suffered by the Vehicle, and GM willfully refused to acknowledge all the repair attempts and failed to service vehicle and/or remedy the aforementioned problems, as more fully explained above at Paragraph No. 21, within a reasonable amount of time under warranty. The failure of

GM to comply with the express warranty provided was willful in that GM had actual knowledge of the nonconformities prior to and/or subsequent to Plaintiff's purchase of the Vehicle. GM knew of its legal duties under warranty. Subsequent to purchase of the Vehicle, GM refused to make necessary repairs timely and correctly under the warranty. GM has since failed to offer Plaintiff a complete repurchase or refund. For the aforementioned and following reasons, under Civil Code § 1794(e)(1) [citing Civil Code § 1793.2(d)(2)], Plaintiff is entitled to a civil penalty of up to two times the amount of his damages in addition to such actual damages.

37. Under Civil Code § 1795.6 (a) and (b), the warranty cannot expire since the repair attempts failed to remedy the problems during the warranty period.

38. Under Civil Code § 1794 (a), Plaintiff is entitled to restitution of all consideration given and hereby elects the same.

39. As a proximate result of said breaches of express warranty, and of said rescission, Plaintiff has sustained, and continues to sustain, incidental and consequential damages, both economic and noneconomic, plus civil penalties and interest, according to proof.

40. Under Civil Code §1794(d), Plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty-Song-Beverly Consumer Warranty Act
### Against GM

41. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs 1 through 40 as though fully set forth herein.

42. GM breached the implied warranties of merchantability and fitness, as stated in Civil Codes §§ 1791.1; 1792; and 1792.1, in that the defects and nonconformities more fully explained above in Paragraph No. 21 make the vehicle not merchantable, unfit for its ordinary and/or specific purposes, and it would not pass without objection in the trade.

43. Because of the breaches of implied warranties, Plaintiff again revokes acceptance of the Vehicle and rescinds the contract. Under Civil Code §§ 1794 (a), Plaintiff is entitled to restitution of all consideration given.

44. Under Civil Code §§ 3287 and/or 3289 (a), Plaintiff is entitled to interest on all money paid toward Vehicle at the contracted for rate from the date of contract and hereby again asserts his claim for the same.

45. For the reasons stated above in Paragraph No. 21, under Civil Code § 1794 (c) and/or § 1794 (e)(1), Plaintiff is entitled to a civil penalty of up to two times the amount of his damages in addition to the actual damages suffered.

46. Under Civil Code § 1795.6 (a) and (b), the warranty cannot expire since the repair attempts failed to remedy the problems during the warranty period.

47. The failure of GM to comply with the implied warranties provided was willful in that it had actual and/or reasonable knowledge of the nonconformities prior to the Dealer selling the Vehicle to Plaintiff, knew of its legal duties under the applicable implied warranty, and subsequently refused to timely make necessary repairs, replacement, or refund. Therefore, under Civil Code § 1794 (c) and/or § 1794 (e)(1), Plaintiff is entitled to a civil penalty of up to two times the amount of his actual damages in addition to the actual damages suffered.

48. As a proximate result of said breaches of implied warranties, and of said rescission, Plaintiff has sustained, and continues to sustain, incidental and consequential damages, both economic and noneconomic, plus civil penalties and interest, according to proof.

49. Under Civil Code § 1794 (d), Plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

## THIRD CAUSE OF ACTION

### Business and Professions Code § 17200

### Against GM

50. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff brings this action against Defendant GM for its alleged violation of *California Business and Professions Code §§ 17200 et seq.* (Unfair Competition Act) ("Act"). The Act prohibits "any unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue, or misleading advertising." Defendant's violation of the Song-Beverly

Act, placing a known defective vehicle with a known defective design into the stream of commerce, without warning and or remedying the defect, are deceptive business practices and was a fraudulent business practice.

52. Plaintiff alleges that *Cal. Bus. & Prof. Code §§ 17200 et seq.* prohibits the "unlawful" Defendant conduct described previously and in greater detail herein throughout the complaint, and that Plaintiff has suffered injury in fact as a result of Defendant's "unlawful" conduct.

53. Plaintiff alleges that Defendant's conduct constitutes unfair competition within the meaning of the Act, insofar as the Act prohibits "any unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue, or misleading advertising." Plaintiff alleges that he has suffered an "injury in fact" because of Defendant's unfair competition. Pursuant to *Hill v. Time, Inc. (2008)* 158 Cal.App.4th 847, 854-55, "[A] plaintiff suffers injury in fact for purposes of standing under the [Act] when he or she has: (1) expended money due to the defendant's act of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has cognizable claim."

54. Plaintiff alleges that as a result of Defendant's unfair competition within the meaning of the Act; to wit, violation of the Song-Beverly Act, knowingly selling a defectively manufactured vehicle, Plaintiff has had to hire an attorney and pay considerable attorney's fees to resolve the issue. Plaintiff has suffered "injury in fact" and is entitled to damages.

## FOURTH CAUSE OF ACTION
### Consumer Legal Remedies Act, Civil Code § 1750 et. Seq.
### <u>Against GM</u>

55. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs 1 through 54 as though fully set forth herein.

56. GM violated Civil Code § 1770, subdivisions (a)(1), (a)(2), (a)(5), (a)(7), (a)(9), (a)(14), and (a)(16), at the time of purchase and each and every time thereafter that it failed to repair, perform required maintenance, and/or authorize necessary warranty repair work

on the vehicle, while it was at GM's service department/dealer when such repair(s) and/or maintenance may have or would have remedied the vehicle's problems. GM's failure to timely make proper repairs proves its representations of the quality of and promises within its warranty contract to fix, repair, or replace defective parts with good non-defective parts are not in fact as represented or printed and are of another, lesser quality, grade, or standard.

57. GM again violated these same subsections when it failed to warn Plaintiff that his Vehicle came with parts and components that were defective. GM failed to warn Plaintiff that if it ever replaced those parts under warranty it would only do so with similarly defective ones and that it would take an exceedingly long time to do so, all while sending them back out on the road in his problematic Vehicle.

58. GM again violated these same subsections every time it sent Plaintiff back out on the road with a defective Vehicle following a repair visit, representing that within the repair visit, his Vehicle had been thoroughly inspected and was free of problems or defects.

59. Plaintiff is informed and believes that GM knew that this Vehicle, at least the year, make, and model with the same issues, had defects and/or highly unusual operating characteristics and that it failed to disclose the same to Plaintiff at any time. GM's failure amounts to a violation of Civil Code § 1770, subdivisions (a)(1), (a)(2), (a)(5), (a)(7), (a)(9), (a)(14), and/or (a)(16), because GM misrepresented that this Vehicle, along with those of the same model, year, and engine, were of a particular standard, quality, or grade, when they were in fact of another. GM knew that this Vehicle suffered from inherent engine defects, nonconformities, and unusual characteristics. This Vehicle's engine is prone to premature failure and is not suitable for its intended use. GM was under a duty to disclose all of this to the public, including Plaintiff, because it was in a superior position to do so. These facts are important to Plaintiff, since they would have played a vital role in his purchase decision.

//
//

## FIFTH CAUSE OF ACTION

### Violation Magnuson-Moss Warranty Act, 15 U.S.C. § 2301

### (Against GM)

60. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs 1 through 59 as though fully set forth herein.

61. Defendant GM violated the Magnuson-Moss Warranty Act by failing to conform the Vehicle and its components to the express warranties within a reasonable number of attempts or a reasonable amount of time. Defendant has failed to cure their failure to comply with the Act.

62. Prior to commencing this action, Plaintiff afforded Defendant reasonable opportunities to cure the failures and to comply with the Act.

63. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance of the Vehicle and rescinds the contract. Plaintiff is entitled to restitution of all consideration given.

64. As a proximate result of the violations of the Act, Plaintiff has sustained, and continues to sustain, damages, both economic and noneconomic.

65. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

66. Pursuant to 15 U.S.C. § 2301 (7), the breaches by Defendants of the state-law implied warranty of merchantability and fitness, as set forth above, also constitutes breaches of implied warranties pursuant to the Magnuson-Moss Act.

67. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, Plaintiff is entitled to the equitable remedies of rescission and restitution and /or damages. Plaintiff revokes acceptance, rescinds the contract, and claims full restitution.

68. As a proximate result of the breaches of the implied warranty, Plaintiff has sustained, and continues to sustain, damages, both economic and noneconomic, to be determined at trial.

//

69. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. A declaration that the purchase contract is rescinded;
2. A declaration that Defendant GM has been given a reasonable number of repair attempts and/or days to conform the vehicle to the warranty;
3. Actual damages according to proof;
4. Restitution of all consideration given by Plaintiff and/or paid out toward the vehicle;
5. Civil Penalties on each violation of the Song-Beverly Act in the amount of two times actual damages;
6. Reasonable attorney fees according to proof;
7. Costs and expenses reasonably incurred in connection with this action;
8. An order requiring Defendants to account for all monies that they have received as a result of the acts and practices found to constitute unfair competition pursuant to *Cal. Bus. & Prof. Code §§ 17200 et. seq.*;
9. An order requiring Defendants to abstain from any further acts and practices found to constitute unfair competition pursuant to *Cal. Bus. & Prof. Code §§17200 et. seq.*; and
10. Such other relief as the court deems proper.

Dated: February 2, 2018                    LAW OFFICES OF JON JACOBS

By: _____
Jon P. Jacobs
Rene J. Dupart
Attorneys for Plaintiff
DUSTIN COOPER